UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MONICA J. DENNIS,

      Plaintiff,

v.

CONIFER REVENUE CYCLE SOLUTIONS, LLC,
DELRAY MEDICAL CENTER INC., and
JOHN DOES 1-3,

      Defendants.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violations Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (U.S. 2012). Venue in this District is proper because Plaintiff resides here and Defendant, CONIFER REVENUE CYCLE SOLUTIONS, LLC, placed telephone calls into this District on behalf of Defendant, DELRAY MEDICAL CENTER INC.

## PARTIES

3.      Plaintiff, MONICA J. DENNIS, is a natural person and citizen of the State of Florida who resides in Broward County, Florida.

4.      Defendant, CONIFER REVENUE CYCLE SOLUTIONS, LLC ("CONIFER") is a limited liability company and citizen of the State of Texas with its principal place of business at Suite 1400, 1445 Ross Ave, Dallas, Texas, 75202.

5.      Defendant, DELRAY MEDICAL CENTER INC. ("DMC"), is Florida corporation which operates a hospital located at 5352 Linton Boulevard, Delray Beach, Florida, 33484.  Its principal place of business is Suite 1400, 1445 Ross Avenue, Dallas, Texas, 75202.

6.      Because DMC is the original creditor on whose behalf CONIFER placed the calls, it is liable to Plaintiff with respect to the alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCC RUL. 07-232").

7.      Defendants, JOHN DOES 1-3, are employees and officers and agents of CONIFER. JOHN DOES 1-3 established the policies of or carried out the

practices of CONIFER regarding the TCPA or authorized those policies and

practices complained of herein.

8.    Pursuant to 47 U.S.C. § 217, an officer, agent, or employee may be

held liable for violation of the TCPA:

> [T]he act, omission, or failure of any officer, agent, or other person
> acting for or employed by any common carrier or user, acting within
> the scope of his employment, shall in every case be also deemed to
> be the act, omission, or failure of such carrier or user as well as of
> that person.

47 U.S.C. § 217

## FACTUAL ALLEGATIONS

9.    On or about November 26, 2008 Defendant, CONIFER, placed a

telephone call to Plaintiff's cellular telephone using an automatic telephone dialing

system or a pre-recorded or artificial voice. CONIFER placed this and other calls

on behalf of Defendant, DMC, in an effort to collect a purported debt, allegedly

due DMC.

10.    Defendant, CONIFER, left similar or identical messages on other

occasions. (Collectively, "the telephone messages").

11.    Defendant, CONIFER, used an automatic telephone dialing system or

a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular

telephone.

3

12.     None of Defendants telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

13.     Defendants willfully or knowingly violated the TCPA.

**COUNT I**
**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT REGARDING CONIFER REVENUE CYCLE SOLUTIONS, LLC AND DELRAY MEDICAL CENTER INC.**

14.     Plaintiff incorporates Paragraphs 1 through 13.

15.     Defendant, CONIFER, on behalf of DMC, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants CONIFER REVENUE CYCLE SOLUTIONS, LLC and DELRAY MEDICAL CENTER INC. for:

a.     Damages;

b.     a declaration that Defendants calls violate the TCPA;

c.     a permanent injunction prohibiting Defendants from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice; and

d.     Such other or further relief as the Court deems proper.

4

## COUNT II
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
## REGARDING JOHN DOES 1-3

16.     Plaintiff incorporates Paragraphs 1 through 14.

17.     Defendant, JOHN DOES 1-3, established the policies of or carried out the practices complained of herein regarding the TCPA or authorized those policies and practices that caused the placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant JOHN DOES 1-3 for:

a.     Damages;

b.     a declaration that Defendants calls violate the TCPA;

c.     a permanent injunction prohibiting Defendants from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice; and

d.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff

Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
don@donyarbrough.com


By: s/ Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658